IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FRANCIS K. BLAKE, | : | CIVIL ACTION NO. |
| | : | 1:14-CV-3252-TWT-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BANK OF AMERICA, N.A., | : | |
| NATIONSTAR MORTGAGE, LLC, | : | |
| and FEDERAL HOME LOAN | : | |
| MORTGAGE CORPORATION, | : | **ORDER AND FINAL REPORT AND** |
| | : | **RECOMMENDATION ON A** |
| Defendants. | : | **MOTION TO DISMISS** |

Plaintiff Francis K. Blake, proceeding *pro se*, initiated this action by filing the Complaint in the Superior Court of Cherokee County on September 2, 2014, against Defendants Bank of America, N.A. ("BoA"), Nationstar Mortgage, LLC ("Nationstar"), and Federal Home Loan Mortgage Corporation ("Freddie Mac"). On October 9, 2014, Defendants Nationstar and Freddie Mac removed the action to this Court, with the consent of Defendant BoA. *See* Notice of Removal [1] and Notice of Consent to Removal [1-2]. The action is now before the Court on the Motion to Dismiss [4] filed by BoA, the Motion to Dismiss [6] filed by Nationstar and Freddie Mac, the Plaintiff's Motion in Opposition to Defendants' Motion to Dismiss [8], and the Plaintiff's Motion in Opposition to Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's Complaint [12].

For the reasons discussed below, the undersigned **RECOMMENDS** that the Defendants' Motions to Dismiss [4][6] be **GRANTED** and that all of Plaintiff's claims be **DISMISSED**. In sum, the Court concludes that, as a matter of law, Plaintiff has failed to assert a plausible claim for relief under any of the legal theories presented in the Complaint. Plaintiff's Motion in Opposition to Defendants' Motion to Dismiss [8] and Motion in Opposition to Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's Complaint [12] are **DENIED**.

## I. BACKGROUND

On September 2, 2014, Plaintiff Francis K. Blake, proceeding *pro se*, filed a "Verified Petition and Complaint for Wrongful Foreclosure, Declaratory Relief, and Punitive Damages" ("Complaint") in the Superior Court of Cherokee County. *See* Complaint [1-1], attached to Notice of Removal [1]. Defendants removed the action to this Court on October 9, 2014, on the basis of diversity jurisdiction. *See* Notice of Removal [1] at 2-5.

The allegations set forth below are taken from the Plaintiff's Complaint [1-1]. Plaintiff alleges that he is a resident of Cherokee County, Georgia, and that the subject property of this action is located at 500 Blue Mountain Rise, Canton, Georgia 30114 (the "Property"). Compl. [1-1] at ¶¶ 1, 7, Ex. A, at 3. On April 17, 2006, Plaintiff executed a Security Deed and Note on the Property to Mortgage Electronic

Registration Systems, Inc. ("MERS"), as nominee for Mortgage Lenders Network USA, Inc. ("MLN"). *Id.* at ¶ 9, Ex. A. On November 7, 2012, a "Corporation Assignment of Mortgage" was executed, by which a Security Deed and Note were transferred from BoA to Nationstar,[1] and the assignment was recorded on November 29, 2012, in Deed Book 12115, Page 249, at the Clerk of the Superior Court, Cherokee County, Georgia. *Id.* at ¶ 10, Ex. B. On March 27, 2014, a "Corrective Corporate Assignment of Security Deed" was executed by BoA, by Nationstar as its attorney-in-fact, to Nationstar as the assignee. *Id.* at ¶ 11, Ex. C. That "corrective" assignment stated that it was being recorded "to add witness in the assignment recorded 11/29/12." *Id.* at ¶ 11, Ex. C.

Plaintiff alleges that he is "unaware as to how Bank of America, N.A. had come into possession of the Security Deed and Note originally metastasized on April 17, 2006 via MORTGAGE LENDERS NETWORK USA, INC." *Id.* at ¶ 13 (emphasis in original). He further alleges that, on February 15, 2012, he received a "Notice of

---

[1] Although Plaintiff alleges that he executed a Security Deed on April 17, 2006, in favor of MERS as nominee for MLN, the "Corporation Assignment of Mortgage" that Plaintiff attached to his Complaint as Exhibit B states on its face that BoA transferred its interest in a "certain Mortgage dated 6/07/07" to Nationstar. *See* Compl., Ex. B. Plaintiff does not allege in the Complaint that he executed a Security Deed on the Property on June 7, 2007, but the Defendants have presented a copy of a Security Deed regarding the subject Property executed by Plaintiff to BoA as the "Lender" on June 7, 2007. *See* Def. BoA Mot. to Dismiss, Ex. A [4-2].

3

Foreclosure Sale" from McCalla Raymer, LLC, as attorneys for BoA. *Id.* at ¶ 14, Ex. D. He also claims that there is no recordation of any assignment of the Security Deed from MLN or MERS to BoA. *Id.* at ¶ 15. Plaintiff alleges that there was a "subsequent sale" of the Property on an unspecified date from either BoA or Nationstar to Freddie Mac, and that the sale is "void *ab initio*." *Id.* at ¶ 19, Ex. E. Although Plaintiff does not allege the specific date of the foreclosure sale, he attached a copy of a "Deed under Power" which states that, pursuant to a Security Deed dated June 7, 2007, by Francis K. Blake a/k/a Frances K. Blake to BoA, which was later transferred to Nationstar, the subject Property was subjected to foreclosure and sold on June 3, 2014. *See id.*, Ex. E.

In the Complaint, Plaintiff asserts only two counts against the Defendants. In Count One, he asserts a claim for Wrongful Foreclosure. *Id.* at ¶¶ 20-24. He claims that "Georgia law has consistently held that if a purported assignment of a security deed is not a valid assignment, the purported assignee has no right to foreclose and the sale is null and void." *Id.* at ¶ 22. He further claims that "a court may enjoin a nonjudicial foreclosure sale where the authority to foreclose is in question." *Id.* at ¶ 24.

In Count Two, Plaintiff asserts a "Petition for Injunctive Relief." *Id.* at ¶¶ 25-38. He states that "Petitioner prays this Honorable Court will issue an ex parte TRO

until such time as this Court may take up this matter. Petitioner further prays this Court would GRANT the relief requested and issue an ORDER to rescind the foreclosure sale." *Id.* at ¶ 38 (emphasis in original).

## II.  DISCUSSION

The Defendants have filed Motions to Dismiss, arguing that all of the Plaintiff's claims asserted in the Complaint must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

### A.  *Standard on a Motion to Dismiss*

Defendants have moved to dismiss Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief. When evaluating a motion to dismiss under Rule 12(b)(6), the Court cannot consider matters outside of the pleadings, and must accept the allegations of the non-movant's pleadings as true, but "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

*Iqbal* went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss" the Supreme Court advised that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (*quoting* FED. R. CIV. P. 8(a)(2)) (other citations omitted).

Although the Supreme Court requires a plaintiff to allege sufficient facts to state a plausible claim for relief, because Plaintiff is proceeding *pro se* in this case, the Complaint must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.*; *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). Even though a *pro se* complaint is held to less stringent standards than formal pleadings drafted by attorneys, "the Court need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346

F.3d 693, 698 (6th Cir. 2006). Nothing in the leniency accorded a *pro se* filing excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. *See Trawinski v. United Technologies*, 313 F.3d 1295, 1297 (11th Cir. 2002).

As noted above, a court ordinarily cannot consider matters outside the pleadings when evaluating a motion to dismiss under Rule 12(b)(6), but when a plaintiff has referred to documents in the complaint and such documents are central to the plaintiff's claims, a court may consider those documents as part of the pleadings in the case and may consider them in resolving a Motion to Dismiss. *See Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the court may consider the documents part of the pleadings for the purposes of Rule 12(b)(6) dismissal").

Moreover, the Eleventh Circuit has made it clear that when a plaintiff attaches exhibits to a complaint and the exhibits contradict the allegations of the complaint, the exhibits control. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007).

> Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations. Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.

7

*Id.*; *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed.R.Civ.P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." (citation omitted)); *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940) ("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control.").

In this case, Plaintiff has referred to various documents in the Complaint, and attached those documents to the Complaint, including: a Security Deed dated April 17, 2006, executed by Plaintiff in favor of MERS, as nominee for MLN ("2006 Security Deed"); a "Corporation Assignment of Mortgage" dated November 7, 2012, by which a Security Deed and Note were transferred from BoA to Nationstar ("Assignment"); a "Corrective Corporate Assignment of Security Deed" dated March 27, 2014, executed by BoA, by Nationstar as its attorney-in-fact, to Nationstar as the assignee ("Corrected Assignment"); a "Notice of Foreclosure Sale" dated February 15, 2012, from McCalla Raymer, LLC, as attorneys for BoA, to Plaintiff ("Notice of Foreclosure Sale"); and a "Deed under Power" stating that the Property was sold

subject to a foreclosure sale on June 3, 2014 ("Deed under Power"). *See* Compl. [1-1], Ex. A-E. Because Plaintiff attached those documents to the Complaint, they are considered part of the Complaint for all purposes. FED. R. CIV. P. 10(c).

In addition, Defendants have also submitted exhibits in connection with their Motions to Dismiss, including a Security Deed regarding the subject Property executed by Plaintiff to BoA as the "Lender" on June 7, 2007 ("2007 Security Deed"), and the "Discharge of Deed to Secure Debt" dated July 6, 2007, stating that the debt from Francis Blake to MERS, as nominee for MLN, has been "paid in full and cancelled by the undersigned [MERS, as nominee for MLN]." *See* Def. BoA Mot. to Dismiss, Ex. A [4-2], B [4-3]; Defs. Nationstar and Freddie Mac's Mot. to Dismiss, Ex. A [6-2], G [6-8].

When a court is considering a motion to dismiss under Rule 12(b)(6), documents attached to the motion to dismiss may be considered if the document is both central to the plaintiff's claim and undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *see also Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) ("[A] document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement imposed in *Horsley*."). "'Undisputed' means that the

9

authenticity of the document is not challenged." *Day*, 400 F.3d at 1276. Because the documents submitted by Defendants are central to the Plaintiff's claims, and because he has not challenged the authenticity of those documents, they may be considered as part of the pleadings in this case in resolving the Motions to Dismiss. *See SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010).

    B.    *Plaintiff's Claims*

        1.    Wrongful Foreclosure

In Count One of the Complaint, Plaintiff asserts a claim for Wrongful Foreclosure. Compl. [1-1] at ¶¶ 20-24. He claims that "Georgia law has consistently held that if a purported assignment of a security deed is not a valid assignment, the purported assignee has no right to foreclose and the sale is null and void." *Id.* at ¶ 22. He further claims that "a court may enjoin a nonjudicial foreclosure sale where the authority to foreclose is in question." *Id.* at ¶ 24.

Non-judicial foreclosures in Georgia are governed by O.C.G.A. §§ 44-14-162, *et seq*. These statutes regulate the manner in which non-judicial foreclosure sales are conducted. *See Global Indus. v. Harris*, 376 F. Supp. 1379, 1383 (N.D. Ga. 1974). In order to state a claim for wrongful foreclosure under Georgia law, a plaintiff must allege sufficient facts to establish a plausible claim that the lender or creditor owed him or her a legal duty, the lender or creditor breached that duty, there is a causal

10

connection between the breach of duty and injury sustained, and the plaintiff incurred damages. *See All Fleet Refinishing, Inc. v. W. Ga. Nat'l Bank*, 634 S.E.2d 802, 807 (Ga. Ct. App. 2006). Furthermore, under Georgia law, "[i]t is clear that a security deed which includes a power of sale is a contract and its provisions are controlling as to the rights of the parties thereto and their privies." *Gordon v. South Cent. Farm Credit, ACA*, 446 S.E.2d 514, 515 (Ga. Ct. App. 1994); *see also You v. JP Morgan Chase Bank, N.A.*, 743 S.E.2d 428, 433 (Ga. 2013) ("Under current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed.").

In this case, it appears to be undisputed that the subject Property was sold at a foreclosure sale that occurred on or about June 3, 2014. The Plaintiff attached to his Complaint a "Deed under Power" which states that, pursuant to a Security Deed dated June 7, 2007, by Francis K. Blake a/k/a Frances K. Blake to BoA, which Security Deed was later transferred to Nationstar, the subject Property was sold at a foreclosure sale on June 3, 2014. *See* Compl. [1-1], Ex. E. Although the Deed under Power states that the Property was sold pursuant to a Security Deed dated June 7, 2007, the Plaintiff bases his claim of wrongful foreclosure primarily on his allegation that there was no assignment of the 2006 Security Deed from either MERS or MLN to BoA. *Id.*

11

at ¶ 15. Plaintiff alleges that he is "unaware as to how Bank of America, N.A. had come into possession of the Security Deed and Note originally metastasized on April 17, 2006 via MORTGAGE LENDERS NETWORK USA, INC." *Id.* at ¶ 13 (emphasis in original).

As explained by the Defendants, and established by their supporting documents, the Plaintiff refinanced the subject Property with BoA in 2007 and executed the 2007 Security Deed in favor of BoA on June 7, 2007, at which time the original debt secured by the 2006 Security Deed was indicated as "paid in full." *See* 2007 Security Deed, Def. BoA Mot. to Dismiss, Ex. A [4-2], Defs. Nationstar and Freddie Mac's Mot. to Dismiss, Ex. A [6-2]; and the "Discharge of Deed to Secure Debt" dated July 6, 2007, stating that the debt from Francis Blake to MERS, as nominee for MLN, has been "paid in full and cancelled by the undersigned [MERS, as nominee for MLN]," Def. BoA Mot. to Dismiss, Ex. B [4-3], Defs. Nationstar and Freddie Mac's Mot. to Dismiss, Ex. G [6-8].

Significantly, the Plaintiff does not challenge the authenticity of the 2007 Security Deed or the Deed to Discharge Debt in his responses to the Defendants' Motions to Dismiss. *See* Pl. Resp. [8][12]. Instead, he merely repeats his claim from the Complaint that the original 2006 Security Deed was not properly transferred or assigned from MERS to BoA, and thus, he argues, the foreclosure sale was illegal

because there was no valid assignment of the 2006 Security Deed. But the Deed under Power that the Plaintiff attached to the Complaint states plainly that the Property was sold at a foreclosure sale under the power of the 2007 Security Deed, not the 2006 Security Deed. *See* Compl. [1-1], Ex. E. As discussed above, under settled Eleventh Circuit law, when a plaintiff attaches exhibits to a complaint and the exhibits contradict the allegations of the complaint, the exhibits control. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). Accordingly, the Court finds that the Property was sold under the authority of the 2007 Security Deed that the Plaintiff executed in favor of BoA.

Although Plaintiff does not mention the 2007 Security Deed in the Complaint, it appears to be undisputed that the 2007 Security Deed was later assigned from BoA to Nationstar on November 7, 2012. Plaintiff admits in his Complaint that a "Corporation Assignment of Mortgage" was recorded on November 29, 2012, and that Assignment states on its face that BoA transferred its interest in a "certain Mortgage dated 6/07/07" to Nationstar. *See* Compl., Ex. B. On March 27, 2014, a "Corrective Corporate Assignment of Security Deed" was executed by BoA, by Nationstar as its attorney-in-fact, to Nationstar as the assignee, which states that it was being recorded "to add witness in the assignment recorded 11/29/12." *Id.* at ¶ 11, Ex. C.

Moreover, a review of the 2007 Security Deed indicates that it gave the Lender, BoA, the authority to initiate foreclosure proceedings on the Property in the event of a default by the Plaintiff. *See* 2007 Security Deed, Def. BoA Mot. to Dismiss, Ex. A [4-2], Defs. Nationstar and Freddie Mac's Mot. to Dismiss, Ex. A [6-2], at 13 (under "Acceleration; Remedies," it states that, in the event of the Borrower's default, "Borrower appoints Lender the agent and attorney-in-fact for Borrower to exercise the power of sale."). The 2007 Security Deed also gave BoA the right to transfer or assign its interest in the Security Deed. *See id.* at 3 ("Borrower does hereby grant and convey to lender and Lender's successors and assigns, with power of sale, the following described property . . . ."). Thus, under the 2007 Security Deed, Defendant Nationstar, as the assignee of BoA, had the authority to initiate foreclosure proceedings upon the default of Plaintiff, the Borrower. Plaintiff does not allege in the Complaint that he was not in default, nor does he dispute the Defendants' contention that he was in default on the underlying loan.

Finally, although it is not entirely clear from the Complaint, the Plaintiff may also be basing his claim of wrongful foreclosure on his allegation that the Assignment from BoA to Nationstar of the 2007 Security Deed was invalid or ineffective, based on the later filing of the Corrected Assignment to add an additional witness. Because the Plaintiff was not a party to the Assignment between BoA and Nationstar, he has

no standing to challenge the validity of the Assignment transferring the rights under the 2007 Security Deed. *See Breus v. McGriff*, 413 S.E.2d 538, 539 (Ga. Ct. App. 1991) ("[S]trangers to the assignment contract . . . have no standing to challenge its validity."); *see also Haldi v. Piedmont Nephrology Assocs.*, 641 S.E.2d 298, 300 (Ga. Ct. App. 2007).

The undersigned thus finds that Plaintiff has failed to state a plausible claim for relief against any of the Defendants for wrongful foreclosure under Georgia law. Accordingly, the undersigned **RECOMMENDS** that the Defendants' Motions to Dismiss [4][6] be **GRANTED** with respect to Plaintiff's claim of wrongful foreclosure in Count One of the Complaint, and that such claim be **DISMISSED**.

    2.    Injunctive Relief

In Count Two of the Complaint, Plaintiff asserts a "Petition for Injunctive Relief." Compl. [1-1] at ¶¶ 25-38. He states that "Petitioner prays this Honorable Court will issue an ex parte TRO until such time as this Court may take up this matter. Petitioner further prays this Court would GRANT the relief requested and issue an ORDER to rescind the foreclosure sale." *Id.* at ¶ 38 (emphasis in original).

Rule 65 of the Federal Rules of Civil Procedure governs injunctions and restraining orders. *See* FED. R. CIV. P. 65. A plaintiff requesting a temporary restraining order or preliminary injunction under Rule 65 must establish that: (1) there

15

is a substantial likelihood of success on the merits; (2) the plaintiff will suffer irreparable injury if relief is not granted, that is, there is no adequate remedy at law; (3) the threatened injury outweighs any harm relief would inflict on the non-movant; and (4) the entry of the requested relief would serve the public interest. *See Siebert v. Allen*, 506 F.3d 1047, 1049 (11th Cir. 2007); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). The Eleventh Circuit has held that "a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of these prerequisites." *Suntrust Bank v. Houghton Mifflin Co.*, 252 F.3d 1165, 1166 (11th Cir.2001) (*citing Canal Auth. v. Callaway*, 489 F.2d 567, 573 (5th Cir.1974)).

In this case, Plaintiff's Motion for Injunctive Relief fails to establish any of these required elements for the Court to grant a temporary restraining order or a preliminary injunction. As discussed above, the Plaintiff has failed to allege sufficient facts to state a plausible claim for wrongful foreclosure under Georgia law. Thus, he has failed to establish any likelihood of success on the merits of his claim.

Furthermore, as the Defendants argue, the Plaintiff's failure to tender the amount of the loan due prevents Plaintiff from pursuing any equitable relief, including setting aside the foreclosure sale. *See Smith v. Citizens & S. Fin. Corp*, 268 S.E.2d 157, 159 (Ga. 1980); *Mickel v. Pickett*, 247 S.E.2d 82, 87 (Ga. Ct. App. 1978). The

need to tender does not derive from the elements of the wrongful foreclosure tort itself, but instead from the fundamental principle that "he who would have equity, must do equity." *Wright v. Intercounty Props., Ltd.*, 233 S.E.2d 160, 161 (Ga. 1977); *see also* O.C.G.A. § 23-1-10 ("He who would have equity must do equity must give effect to all equitable rights of the other party respecting the subject matter of the action.").

The undersigned thus finds that Plaintiff has failed to state a plausible claim for injunctive relief. Accordingly, the undersigned **RECOMMENDS** that Defendants' Motions to Dismiss [4][6] be **GRANTED** with respect to Plaintiff's claim for injunctive relief in Count Two of the Complaint.

C. *Plaintiff's Motions*

In response to the Defendants' Motions to Dismiss, the Plaintiff has filed a Motion in Opposition to Defendants' Motion to Dismiss [8] and a Motion in Opposition to Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's Complaint [12]. Although the Plaintiff styled those documents as "motions," he has not requested any specific relief from the Court, other than arguing that the Court should deny the Defendants' Motions Dismiss. For the reasons discussed above, the undersigned is recommending that the Court grant the Defendants' Motions to Dismiss. Accordingly, Plaintiff's Motion in Opposition to Defendants' Motion to

Dismiss [8] and Motion in Opposition to Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's Complaint [12] are **DENIED**.

### III.   CONCLUSION AND RECOMMENDATION

For the reasons discussed above, **IT IS RECOMMENDED** that the Defendants' Motions to Dismiss [4][6] be **GRANTED** and that all of Plaintiff's claims be **DISMISSED** for failure to state a claim for relief.

Plaintiff's Motion in Opposition to Defendants' Motion to Dismiss [8] and Plaintiff's Motion in Opposition to Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's Complaint [12] are **DENIED**.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO ORDERED and RECOMMENDED** this 24th day of June, 2015.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE